```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Sharon Merrill,

     Plaintiff,

    v.                            Case No. 2:14-cv-262

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

     Defendant.

<u>ORDER</u>

     Plaintiff Sharon Merrill brings this action under 42 U.S.C. §§405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income. Plaintiff originally filed an application for supplemental security income in 2006. Administrative Law Judge ("ALJ") William J. Hafer held a hearing, at which plaintiff, accompanied by counsel, and a vocational expert testified. In a decision dated August 6, 2009, ALJ Hafer found that plaintiff had various severe impairments, but that she was capable of performing a reduced range of light work and was not disabled. The Appeals Council denied review. Plaintiff filed a new application for supplemental security income on October 26, 2010. ALJ L. Raquel BaileySmith held a hearing and heard testimony from plaintiff and Richard P. Oestreich, a vocational expert. In a decision dated September 18, 2012, ALJ BaileySmith found that plaintiff was capable of performing light work, with limitations, and that she was not disabled. On January 28, 2014, the Appeals Council denied plaintiff's request for review. Plaintiff then filed the instant action.

This matter is before the court for consideration of plaintiff's March 2, 2015, objections (Doc. 20) to the February 11, 2015, report and recommendation of the magistrate judge (Doc. 19), recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of*

2

*Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

Plaintiff's objections focus on ALJ BaileySmith's determination of her residual functional capacity ("RFC"). A claimant's RFC is the most that a claimant can do despite his or her limitations. 20 U.S.C. §404.1545(a)(1). The ALJ is charged with determining a claimant's RFC. 20 C.F.R. §§404.1527(e)(2) and 404.1546(c). In making that determination, the ALJ must evaluate all the medical evidence as well as the claimant's testimony. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184 at *7 (Soc. Sec. Admin. July 2, 1006). The RFC describes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from—though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002).

Where, as in this case, prior administrative proceedings have been conducted involving the same type of benefits, both social security claimants and the Commissioner are bound by the principles

of *res judicata*.  *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 841-42 (6th Cir. 1997)(holding that, absent evidence of an improvement in claimant's condition, the ALJ in the subsequent proceeding is bound by the prior ALJ's RFC findings and may not decide on a less restrictive RFC).  *Id.*  The party seeking to avoid the application of *res judicata* bears the burden of proving changed circumstances.  *Id.* at 843 (placing burden on Commissioner to show less restrictive RFC is warranted); *Mount v. Colvin*, No. 3:13CV-01016-HBB, 2015 WL 520989 at *4 (W.D.Ky. Feb. 9, 2015)(placing burden on claimant seeking more restrictive RFC to produce new evidence or evidence of changed conditions); *Holt v. Astrue*, No. 1:10-cv-439, 2011 WL 3861891 at *7 (S.D.Ohio July 6, 2011)(ALJ properly followed *Drummond* by adopting prior RFC where plaintiff failed to present any new or material evidence that her condition had worsened since the previous unfavorable decision).

In response to *Drummond*, the Social Security Administration issued Acquiescence Ruling AR98-4(6), 1998 WL 283902 at *3 (June 1, 1998), explaining how *Drummond* would be applied by the agency in cases involving claimants within the Sixth Circuit.  This Ruling states:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

*Id.*  The Ruling applies "to a finding of a claimant's residual functional capacity or other finding required at a step in the

4

sequential evaluation process for determining disability ... which was made in a final decision by an ALJ or the Appeals Council on a prior disability claim." *Id.*

In his decision of August 6, 2009, ALJ Hafer concluded that plaintiff had the following severe impairments:

> [D]egenerative disc disease of the lumbar spine at L1-2 and L5-S1; obesity, degenerative joint disease of the left knee; heel spurs right ankle; status post hernia repair; bilateral carpal tunnel syndrome; asthma; benign hypertension; history of attention deficit disorder; dysthymia [depression]; and generalized anxiety disorder[.]

PAGEID 114. After considering the medical records and evidence concerning plaintiff's daily activities, ALJ Hafer concluded that plaintiff had the residual functional capacity to perform a reduced range of light work. PAGEID 116-124. He noted:

> Specifically, the claimant can lift and/or carry 10 pounds frequently and 20 pounds occasionally; sit, stand, or walk 6 hours [per each] 8 hour period; occasionally stoop, kneel, crouch, crawl, and climb; never work at unprotected heights; never work around dangerous machinery; no work in constant exposure to dust, fumes, gases, and other common respiratory irritants; and no work requiring more than frequent operation of hand controls, fine or gross manipulation bilaterally; and no more than occasional overhead reaching. The claimant is also limited to unskilled work, involving one to three step tasks, with few rigid deadlines.

PAGEID 116-117. ALJ Hafer concluded that plaintiff was capable of performing her past relevant work as a cashier, and that she was not disabled. PAGEID 125.

In 2010, plaintiff filed a new application for benefits and later submitted more recent medical records. In her decision dated September 18, 2012, ALJ BaileySmith stated that she "considered all medical evidence submitted to this agency, including evidence

5

submitted after reconsideration." PAGEID 64. She concluded that plaintiff has the following severe impairments:

> [C]ervical and lumbar degenerative disc disease, osteoarthritis of the knees, right shoulder partial supraspinatus tear, bilateral carpal tunnel syndrome, Achilles tendonitis, diabetes mellitus type II, obesity, status post hernia repairs, benign hypertension, obstructive sleep apnea, asthma, anxiety, major depression, and history of attention deficit disorder[.]

PAGEID 64.[1] ALJ BaileySmith also arrived at an RFC which indicated that plaintiff was capable of performing light work, with essentially the same limitations prescribed by ALJ Hafer. Specifically, ALJ BaileySmith stated:

> [T]he claimant has the residual functional capacity to perform light work ... except she can occasionally stoop, kneel, crouch, crawl, climb, and reach overhead and can frequently operate hand controls and perform fine or gross manipulation bilaterally. She can never work at ladders, ropes, scaffolds, unprotected heights, or around dangerous machinery. She must avoid constant exposure to dust, fumes, gases, and other common respiratory irritants. She can perform unskilled work involving 1-3 step tasks with few rigid deadlines.

PAGEID 67.

ALJ BaileySmith also discussed the *Drummond* decision and quoted from AR 98-4. She then noted:

> The undersigned has evaluated all evidence in the record and found that *Drummond* applies. Although new evidence indicates additional diagnoses of partial right shoulder tear and cervical degenerative disc disease, they do not cause additional limitations not already contemplated in the residual functional capacity. Additionally, the new evidence does not demonstrate sufficiently changed

---

[1] The court notes that the right ankle heel spur noted by ALJ Hafer is not on this list. At the previous hearing before ALJ Hafer, plaintiff testified that the heel spur was surgically removed on June 12, 2009. PAGEID 118.

>circumstances regarding her other diagnoses to provide a basis for a different finding of the claimant's residual functional capacity.  (*See* AR 98-4). The undersigned is therefore required to adopt the prior ALJ's finding regarding the residual functional capacity.

PAGEID 68.

In her first objection, plaintiff focuses on the ALJ's statement above that plaintiff's new conditions "do not cause additional limitations not already contemplated in the residual functional capacity."  She argues that the ALJ should have first considered the new evidence in the record and formulated a new RFC based on that evidence without taking the prior RFC into account.  However, under *Drummond*, ALJ BaileySmith was not permitted to consider *de novo* plaintiff's disability claim for the period following ALJ Hafer's decision.  *Haun v. Comm'r Soc. Sec. Admin.*, 107 F.App'x 462, 464 (6th Cir. 2004); *Osborn v. Comm'r of Soc. Sec.*, No. 14-CV-10832, 2015 WL 687376 at *15 (E.D.Mich. Feb. 18, 2015).  "An ALJ adjudicating a subsequent disability claim 'arising under the same title of the [Social Security] Act as the prior claim' must adopt the original ALJ's final decision unless 'new and material evidence' shows a change in claimant's condition." *Perry, for G.D. v. Comm'r of Soc. Sec.*, 501 F.App'x 425, 427 (6th Cir. 2012)(quoting AR 98-4(6)).  "The ALJ could veer from the prior decision only to the extent new and material evidence showed Plaintiff's condition had deteriorated." *Osborn*, 2015 WL 687376 at *19.

The Sixth Circuit has observed that "SSAR 98-4(6) states that the proper inquiry is whether 'new and additional evidence or changed circumstances provide a basis for a different finding of the claimant's residual functional capacity.'" *Rudd v. Comm'r of*

7

*Soc. Sec.*, 531 F.App'x 719, 725-26 (6th Cir. 2013)(quoting AR 98-4(6)). In *Rudd*, the ALJ reviewed the prior decision, then evaluated the new evidence and explained how it established that the claimant's condition had improved. *Id.* The court noted that "in accordance with *Drummond* and SSAR 98-4(6), the ALJ considered new evidence and the prior ALJ's findings and found that the new evidence was material." *Id.* Before deciding whether the new evidence in plaintiff's case established a material change in plaintiff's condition, it was necessary for ALJ Bailey to consider ALJ Hafer's prior assessment of plaintiff's RFC.

Plaintiff argues that ALJ BaileySmith simply shoe-horned plaintiff's new medical conditions into the previous RFC without rigorously examining the new evidence and making her own RFC determination based upon that evidence. However, the record does not support this argument. This is not a case in which the ALJ found that *res judicata* alone compelled the finding that plaintiff's prior RFC remained unchanged. Rather, ALJ BaileySmith thoroughly reviewed the new evidence presented and found that "the new evidence does not demonstrate sufficiently changed circumstances regarding [claimant's] other diagnoses to provide a basis for a different finding of the claimant's residual functional capacity." PAGEID 68. *See Miller v. Comm'r of Soc. Sec.*, 524 F.App'x 191, 193-94 (6th Cir. 2013)(rejecting argument that the ALJ erred by improperly applying *res judicata* where ALJ reviewed new evidence and based his RFC decision on that evidence); *Ealy v. Comm'r of Soc. Sec.*, 172 F.App'x 88, 90 (6th Cir. 2006)(*Drummond* not misapplied where ALJ did not rely solely on prior RFC; rather, ALJ reviewed new evidence and independently determined that

8

claimant still retained RFC to perform sedentary work).

The fact that ALJ BaileySmith reviewed the new evidence is established by the fact that she found that plaintiff had several new severe impairments not previously noted by ALJ Hafer, specifically: cervical degenerative disc disease, osteoarthritis of the knees, right shoulder partial supraspinatus tear, Achilles tendonitis, diabetes mellitus type II, obesity, and obstructive sleep apnea.  PAGEID 64.  ALJ BaileySmith's decision also indicates that she considered the plaintiff's hearing testimony and evidence of plaintiff's daily activities.  The ALJ referred in her decision to post-2009 medical records and reports from plaintiff's treating physicians, including her primary physician, Dr. John Walter, D.O.  ALJ BaileySmith also considered the recent reports of state agency medical and psychological consultants, including the February 7, 2011, psychological report of Mel Zwissler, Ph.D., the February 17, 2011, physical residual functional capacity report of W. Jerry McCloud, M.D., the July 6, 2011, psychological assessment of Cynthia Waggoner, Psy.D., and the physical residual capacity evaluation completed by Benita M. Jackson-Smoot, M.D.  After reviewing the record, ALJ Baileysmith concluded:

> The weight of the evidence demonstrates that the claimant has not experienced a significant change for better or worse in the severity of her physical and mental condition since the prior ALJ's decision.  Therefore, pursuant to the *Drummond* ruling in AR 98-4, the undersigned adopts the findings of the previous ALJ decision in the residual functional capacity listed above.

PAGEID 71.  However, ALJ BaileySmith's decision setting forth plaintiff's RFC also states: "After careful consideration of the entire record, the undersigned finds that the claimant has the

9

residual functional capacity to perform light work [with specified modifications].").  PAGEID 67.  This language indicates that ALJ BaileySmith also concluded, independent of the prior RFC ruling, that the RFC set forth in her decision was appropriate, even taking into account the new evidence.  There is certainly no language in ALJ BaileySmith's decision which suggests that she would have devised a different RFC for plaintiff based on the new evidence presented if there had been no prior decision.  ALJ BaileySmith's *Drummond* analysis was correct.  *See Perry, for G.D.*, 501 F.App'x at 427 (affirming district court's decision upholding denial of benefits where ALJ considered new evidence of changed condition but found that the new evidence was not material).

Plaintiff further argues that under *Drummond*, she was only required to produce evidence of a change in her conditions, not a worsening of her functional impairments.  Plaintiff contends that because she did produce evidence of new and allegedly worsened conditions, the previous ALJ's decision no longer had any preclusive effect, and ALJ BaileySmith erred in focusing on whether the new evidence showed functional impairments not addressed by the prior RFC.  This argument misapprehends the nature of plaintiff's burden.

An individual claiming disability "bears the ultimate burden of establishing the existence of a disability."  *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993).  Not every diagnosable impairment is disabling.  *Lee v. Comm'r of Soc. Sec.*, 529 F.App'x 706, 713 (6th Cir. 2013).  Disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it.  *Hill v. Comm'r of Soc. Sec.*, 560 F.App'x 547, 551

(6th Cir. 2014). It is plaintiff's burden to prove the severity of her impairments, see *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988), and to provide evidence establishing her RFC, see *Osborn*, 2015 WL 687376 at *18. As plaintiff was previously adjudicated not disabled, she must show that her condition was so worsened in comparison to her earlier condition that she was unable to perform substantial gainful activity. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1232-33 (6th Cir. 1993).

Under AP 98-4(6), an ALJ is required to adopt a prior finding (in this case, ALJ Hafer's finding of plaintiff's RFC) "unless there is new and material evidence relating to such a finding[.]" AP 98-4(6). "Truly 'material' evidence warrants a new finding that the claimant can no longer meet the prior decision's RFC." *Osborn*, 2015 WL 687376 at *19. As stated above, "the proper inquiry is whether 'new and additional evidence or changed circumstances provide a basis for a different finding of the claimant's residual functional capacity.'" *Rudd*, 531 F.App'x at 725-26 (quoting AR 98-4(6)). Thus, plaintiff was required to provide not only evidence of her changed conditions, but evidence showing that those changed conditions warranted a different RFC finding. ALJ BaileySmith did not err in analyzing the new evidence to determine if it established new functional limitations not previously addressed in the prior RFC.

Plaintiff argues that ALJ BaileySmith's decision is not supported by substantial evidence in light of the recent evidence of her new and allegedly worsened conditions. This court disagrees. The court notes that "[t]he findings of the Commissioner are not subject to reversal merely because there

11

exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006)(quotation marks and citation omitted). Even assuming that there is evidence to support plaintiff's position, the ALJ's RFC determination, as well as her conclusion that plaintiff failed to show a significant change, for better or worse, in the severity of her physical and mental conditions since the prior ALJ's decision, are supported by substantial evidence.

First, ALJ BaileySmith noted that evidence of plaintiff's back, knee and shoulder pain indicated some limitations, "but no greater than those found in the previous ALJ's decision." PAGEID 69. In regard to plaintiff's cervical and lumbar degenerative disc disease, ALJ BaileySmith observed that: both the 2007 and 2011 lumber MRI's showed disc herniation without gross nerve root compression; a 2009 cervical spine MRI showed only mild degenerative disc disease; and that both the prior 2009 decision and the more recent progress notes of plaintiff's treating physician, Dr. John Walter, D.O., indicated relatively benign examinations with some tenderness and discomfort, but with intact upper and lower extremity strength, functional lumbar range of motion, and normal gait and station. PAGEID 69. The ALJ noted that the plaintiff's spinal stenosis did not result in an inability to ambulate effectively. PAGEID 65. The ALJ further stated that although an MRI showed a partial thickness tear of the supraspinatus tendon in plaintiff's right shoulder, Dr. Walter consistently noted functional right shoulder range of motion, and that by June, 2012, plaintiff reported stable shoulder symptoms. PAGEID 69. The ALJ noted that the record included no evidence of

gross anatomical deformity, joint space narrowing, bony destruction or ankylosis of the affected joints. PAGEID 65. ALJ BaileySmith further commented that plaintiff had consistently reported improved back, leg and shoulder pain with injections, as indicated by Dr. Walter's exam findings, and that those conditions had not required more intensive treatment such as emergency room care or surgery. PAGEID 70. ALJ BaileySmith concluded that plaintiff's lumbar and cervical degenerative disc disease, Achilles tendonitis, knee osteoarthritis, obesity, and right shoulder partial tear were accommodated by limiting plaintiff to light exertion work with only occasional stooping, kneeling, crouching, crawling and climbing, with no more than frequent operation of hand controls and occasional overhead reaching. PAGEID 69.

In regard to bilateral carpal tunnel syndrome, ALJ BaileySmith noted that plaintiff's left-hand symptoms were completely resolved through an October 2009 left carpal tunnel release procedure. The ALJ observed that although plaintiff reported problems with her right hand, including occasional numbness, dropping items, and difficulty lifting and carrying, the examinations of her primary care providers consistently noted normal digits and strength. PAGEID 69. ALJ BaileySmith also noted that plaintiff had not demonstrated an inability to perform fine and gross movements effectively, as she reported being able to perform activities that require fine and gross movements, such as cooking, washing dishes, mopping the floor and driving. PAGEID 65. As to plaintiff's hernia condition, ALJ BaileySmith noted that from May 2010 to December 2010, plaintiff had multiple recurrent hernia repairs with complications, but that by February 2011, her surgeon, Scott

13

Johnson, M.D., advised her that she could return to normal activities. PAGEID 69-70. Plaintiff's hernia symptoms returned over a year later, but in August of 2012, Dr. Johnson reported that plaintiff was healing well from a June 2012 hernia repair. PAGEID 70. ALJ BaileySmith indicated that she accommodated plaintiff's carpal tunnel and hernia conditions by limiting plaintiff to light exertion work, including lifting no more than twenty pounds, no more than frequent bilateral fine or gross manipulation, occasional postural activities, and no climbing of ladders, ropes, or scaffolds. PAGEID 70.

ALJ Bailey also addressed plaintiff's Type II diabetes, asthma, and hypertension, noting that these impairments were generally well controlled with medications and a diabetic diet. PAGEID 70. Plaintiff had not experienced any of the severe complications of diabetes. PAGEID 65-66. As to plaintiff's obstructive sleep apnea, ALJ BaileySmith noted that plaintiff had not required treatment for this condition for several years, indicating that this condition was not disabling. PAGEID 70. ALJ BaileySmith stated that although plaintiff did not testify as to any functional limitations from these impairments, she nonetheless took them into account in her RFC by restricting plaintiff from any exposure to ladders, ropes, scaffolds, unprotected heights, dangerous machinery, and limiting her exposure to dust, fumes, gases, or other respiratory irritants. PAGEID 70.

ALJ BaileySmith also discussed plaintiff's mental impairments. She observed that plaintiff has only mild restrictions in activities of daily living, which "appear to be related to physical as opposed to mental symptoms." PAGEID 66. ALJ BaileySmith

commented that plaintiff has only mild restrictions in social functioning, as plaintiff is able to visit with her mother and grandmother every three to four days, gets along with authority figures, and described no difficulties with getting along with others other than getting snappy with her kids when she is in pain. PAGEID 66.  ALJ BaileySmith further found that plaintiff has no more than moderate difficulties with concentration, persistence or pace.  The ALJ noted that despite plaintiff's claim that she can only pay attention for ten minutes and has difficulties finishing tasks, plaintiff is able to care for her four children, read, do puzzles, clean the house for two hours a day with a thirty-minute break.  Plaintiff also recited her children's bus schedules at the hearing.  PAGEID 66.  ALJ BaileySmith concluded that plaintiff's unremarkable mental status examinations and conservative treatment history suggest that she retains the ability to perform a range of unskilled work.  PAGEID 70.  The ALJ observed that plaintiff had not required hospitalization and had admitted that her symptoms were controlled by medication.  PAGEID 70.  The ALJ accounted for plaintiff's reported mental difficulties with attention and concentration by limiting her to unskilled work involving one- to three-step tasks with few rigid deadlines.  PAGEID 70.

ALJ BaileySmith considered evidence concerning plaintiff's activities of daily living.  The ALJ noted that although plaintiff complained of shoulder and back pain, falling due to her left knee catching, and occasionally dropping items held in her right hand, plaintiff makes breakfast for her four children, gets them ready in the morning and takes them to school, does dishes, makes the beds, does laundry, attends appointments, cooks frozen or crock-pot meals

and snacks, bathes the children and helps them to get ready for bed, cleans the house for two hours per day with a thirty-minute break, drives, shops every two weeks, does puzzles and reads to her children. PAGEID 68, 71. Plaintiff also indicated that she can sit or stand approximately thirty minutes at a time, can walk one-eighth of a mile, and can lift ten to fifteen pounds. PAGEID 69. ALJ BaileySmith concluded that plaintiff's ability to maintain a household and to take care of four young children indicated an ability to perform a range of light work with additional non-exertional limitations, and that she retained sufficient attention and concentration for basic work activity. PAGEID 71.

ALJ BaileySmith also reviewed the opinions of the state agency consultants. She assigned some weight to the opinion of Dr. McCloud, who concluded that plaintiff was capable of a full range of light work, noting that the evidence warranted the additional limitations included in plaintiff's RFC. The ALJ assigned great weight to the medical opinion of the state consultant, Dr. Jackson-Smoot, who agreed with the RFC findings of ALJ Hafer, and concluded that since that decision, "there does not appear to be any significant change for better or worse in the severity of [plaintiff's] physical conditions. PAGEID 71, 152. ALJ BaileySmith also assigned great weight to the psychological assessment of the state consultant, Dr. Waggoner, who concluded that plaintiff was limited to unskilled work involving one- to three-step tasks with few rigid deadlines, and agreed that "there does not appear to be any significant change for better or worse in the severity of [plaintiff's] mental health conditions" since the prior ALJ's decision. PAGEID 71, 153.

16

The court concludes that ALJ BaileySmith properly applied *Drummond* and did not err in formulating her assessment of plaintiff's RFC or in concluding that plaintiff is not disabled. ALJ BaileySmith's decision is supported by substantial evidence. Plaintiff's objections to the decision of ALJ BaileySmith and to the report and recommendation are not well taken, and they are overruled.

III. Conclusion

Having reviewed the record *de novo*, the court determines that there is substantial evidence supporting the ALJ's determination that plaintiff is not disabled, as defined in the Social Security Act.  The court hereby adopts and affirms the magistrate judge's report and recommendation (Doc. 19).  Plaintiff's objections (Doc. 20) are denied.  The Commissioner's decision is affirmed, and this action is dismissed.

Pursuant to sentence four of 42 U.S.C. § 405(g), the clerk shall enter final judgment affirming the decision of the Commissioner and dismissing this action.

It is so ordered.


Date: April 13, 2015            	          s/James L. Graham          
                                James L. Graham
                                United States District Judge